UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES BOWER,<br><br>          Plaintiff,<br><br>      v.<br><br>MR. CANNON, et al.,<br><br>          Defendants. | Civ. No. 17-10905 (RBK) (JS)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

### I. INTRODUCTION

Plaintiff, Charles Bower, is a federal prisoner currently incarcerated at the Federal Transfer Center in Oklahoma City. He is proceeding *pro se* with a civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1). Plaintiff has also filed a motion for preliminary injunction. (ECF No. 5). For the reasons stated in this opinion, the Court will dismiss Plaintiff's complaint without prejudice and will dismiss Plaintiff's motion for preliminary injunction as moot.

### II. FACTUAL BACKGROUND

The allegations of the complaint will be construed as true for the purpose of this opinion. Plaintiff has filed this complaint against several employees and corrections officers at FCI Fairton, including Corrections Officer Mr. Cannon, Property Officer F. Repice, and Case Manager C. Cordero. Plaintiff alleges that Defendants violated his rights to due process by confiscating his personal belongings and depriving him of access to adequate legal materials and the prison law library. (*See* ECF No. 1 at pp. 3-7).

On September 7, 2017, while incarcerated at FCI Fairton, Plaintiff claims he received multiple bags of his personal property transferred from FCI Schuylkill. (*See id.* at p. 4). While

reviewing the contents of his belongings, Defendant Cannon asked Plaintiff to step away so that he could search the bags for contraband. (*See id.*). Plaintiff alleges that Defendant Cannon confiscated certain belongings previously approved by Receiving & Discharge. (*See id.*). Hours later, Defendant Repice returned to Plaintiff a four-page list of his property and some, but not all, of his belongings. (*See id.*). Specifically, Plaintiff claims the returned property did not include his postage stamps and legal workbooks.[1] (*See id.*).

Following the receipt of his personal items, Plaintiff claims that he was denied access to adequate legal material and the prison law library. (*See id.* at p. 5). Specifically, Plaintiff alleges that he was denied access to the prison law library for one month. (*See id.*). When he was eventually permitted access to the law library, it was only during his recreation hour. (*See id.*). Further, Plaintiff alleges that the law library lacked adequate materials for legal work, amounting to a deprivation of his constitutional rights. *(See id.)*.

On January 26, 2018, Plaintiff filed a motion for preliminary injunction requesting an order restraining Defendants from making threats and destroying his property. (*See* ECF No. 5 at p. 2). On May 14, 2018., Plaintiff wrote to the Court to advise that he is in the process of being transferred to a different federal correctional facility and is currently being held at the Federal Transfer Center in Oklahoma City. (*See* ECF No. 8).

### III.  STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with

---

[1] In an affidavit attached to Plaintiff's motion for preliminary injunction, Plaintiff concedes that he eventually received the confiscated legal workbooks. (*See* ECF No. 5 at p. 8).

respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The court should "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn there from, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

### IV. DISCUSSION

Section 1983 of Title 42 created a remedy for monetary damages for those injured by persons acting under color of state law, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court created an implied cause of action in *Bivens* based on a violation of the Fourth Amendment by federal officers. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Court extended the *Bivens* remedy twice more: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding prisoner's estate had *Bivens* remedy against federal jailers for failure to treat his asthma). "These

three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

The Supreme Court recently concluded in *Ziglar* "that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. *Ziglar* created a funnel through which plaintiffs alleging constitutional violations by federal officials must pass. First, federal courts must determine whether the cause of action presents a "new context" for *Bivens* cases. If it does, courts must then determine whether alternative remedies exist. Finally and most critically, courts must determine whether there are special factors counselling against extending the *Bivens* remedy to the new cause of action. This Court, however, need not reach the *Ziglar* issue because even if a *Bivens* remedy is implied, Plaintiff has failed to state a cause of action upon which relief can be granted.

### A. Deprivation of Property Claim

Plaintiff asserts that Defendants have deprived him of his personal property without due process of law. The Supreme Court has made clear, however, that a negligent or intentional deprivation of property does not violate the Due Process Clause where meaningful post-deprivation remedies for the loss are available. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). "[A] prisoner is required to pursue all avenues of relief available within the prison grievance system before bringing a federal civil rights action concerning prison conditions," which applies to "all inmate suits about prison life." *See Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 112-13 (3d Cir. 2008).

In this case, Plaintiff had adequate post-deprivation remedies available to him through the BOP administrative remedy program. The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his confinement. *See* 28 C.F.R. §§ 542.10-19. The BOP also has an administrative tort claims procedure whereby a federal inmate

may file a claim with regard to his damaged or lost property. *See* 28 C.F.R. §§ 543.30-32. It does not appear from the allegations in the complaint that Plaintiff sought any form of remedy through the BOP administrative remedy program. Plaintiff does not allege that such procedures were unavailable to him or that he attempted to utilize the formal grievance system or tort claims procedure. Because Plaintiff had adequate post-deprivation remedies available to him, he fails to state a due process claim upon which relief may be granted, and his property deprivation claim must be dismissed.

### B. Denial of Access to the Courts Claim

Plaintiff also alleges a denial of access to the courts claim based upon the temporary confiscation of his legal books and denial of access to the prison law library. A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," and thus the right is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 349.

Here, Plaintiff fails to set forth any facts indicating that his litigation efforts were thwarted due to the temporary confiscation of his legal property and denial of access to the prison law

library.  Even if Plaintiff had alleged facts establishing that his litigating efforts had been frustrated by Defendants with respect to a challenge to his conviction or with respect to the conditions of his confinement, there are no allegations asserting which actions he was pursuing, or that he suffered any actual injury.  For these reasons, to the extent he attempts to set forth an access to the courts claim, such claim is subject to dismissal.

### C.  Preliminary Injunction

Plaintiff's motion for preliminary injunction related to the alleged ongoing constitutional violations by the Defendants at FCI Fairton are now moot as he is no longer housed there.  Plaintiff notified the Court of his transfer from FCI Fairton to the Federal Transfer Center in Oklahoma City on May 14, 2018.  (*See* ECF No. 8).  It is well established that a prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional.  *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993).

### V.     CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed without prejudice.  Additionally, Plaintiff's motion for preliminary injunction is dismissed as moot.  An appropriate Order will be entered.


Dated:  August 30,  2018                                                   s/Robert B. Kugler
                                                                                           ROBERT B. KUGLER
                                                                                           United States District Judge