## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

CHARLES BOWER,                          :
                                        :          Civ. No. 17-10905 (RBK) (JS)
        Plaintiff,                 :
                                        :
   v.                                 :          **MEMORANDUM OPINION**
                                        :
MR. CANNON, et al.,                     :
                                        :
        Defendants.                :

---

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Charles Bower, is a federal prisoner currently incarcerated at the Federal Transfer Center in Oklahoma City. He is proceeding pro se and seeks to amend his civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1). As discussed in the Court's September 9, 2018, screening Opinion, Plaintiff alleges that on September 7, 2017, while incarcerated at FCI Fairton, he received some but not all of his belongings when the Bureau of Prisons transferred him from FCI Schuylkill to FCI Fairton. (*See id.* at 4).

Following receipt of his personal items, Plaintiff claims that Defendants denied him access to adequate legal materials and the prison law library. (*Id.* at 5). Specifically, Plaintiff alleges that he was denied access to the prison law library for one month and that when he regained access, it was only during his recreation hour. (*Id.*). Further, Plaintiff alleges that the law library lacked adequate materials for legal work, amounting to a deprivation of his constitutional rights. (*Id.*).

The Court screened Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed it without prejudice for failure to state a claim. (*See* ECF Nos. 9, 10). The Court found that a prisoner must, "pursue all avenues of relief available within the prison grievance system before bringing a federal civil rights action concerning prison conditions," which

applies to "all inmate suits about prison life." *See Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 112–13 (3d Cir. 2008). Because Plaintiff did not allege that he sought any form of remedy through the BOP administrative remedy program or that it was otherwise unavailable, the Court dismissed Plaintiff's due process deprivation of property claim.

As to Plaintiff's denial of access to the courts claim, Plaintiff failed to allege an actual injury and in turn failed to satisfy the constitutional standing requirement. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); (ECF No. 9, at 5). Because Plaintiff failed to set forth any facts indicating that officials thwarted litigation efforts in any particular case or that he suffered any actual injury due to the temporary confiscation of his legal property and access to the law library, the Court dismissed his denial of access claim. (ECF No. 9, at 6). After dismissing the complaint without prejudice, the Court denied Plaintiff's motions for a preliminary injunction as moot.

Now before the Court is Plaintiff's motion to amend the complaint (ECF No. 7). The Court must review the proposed amended pleading and *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In his submission, Plaintiff does not elaborate on his deprivation of property or denial of access to the courts claims. Instead, Plaintiff seeks to add a new party, Warden Young, and add new claims against Defendant Catherine Cordero.

## I.    Availability of *Bivens* Remedy

Section 1983 of Title 42 created a remedy for monetary damages when a person acting under color of state law injures another, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal

Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court created an implied cause of action in *Bivens* when federal officers violated a person's Fourth Amendment rights. *Bivens*, 403 U.S. at 397. The Court extended the *Bivens* remedy twice more in: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding that prisoner's estate had a *Bivens* remedy against federal jailers for failure to treat his asthma under the Eighth Amendment). "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

The Supreme Court recently concluded in *Ziglar* "that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. *Ziglar* created a funnel through which plaintiffs alleging constitutional violations by federal officials must pass. First, federal courts must determine whether the cause of action presents a "new context" for *Bivens* cases. If it does, courts must then determine whether alternative remedies exist. Finally, and most critically, courts must determine whether there are special factors counselling against extending the *Bivens* remedy to the new cause of action.

In the present case, Plaintiff's Fourteenth Amendment equal protection claim, and Eighth Amendment sexual harassment claim discussed below are "new *Bivens* contexts, subject to the analysis set forth in *Ziglar*." *Belt v. Fed. Bureau of Prisons*, No. 17-13582, 2018 WL 4404707, at *8 (D.N.J. Sept. 17, 2018). This Court, however, need not reach the *Ziglar* issue because even if the Court implied a *Bivens* remedy, Plaintiff has failed to state a claim upon which relief can be granted. Consequently, the Court will, for purposes of screening only, assume "*arguendo* that a remedy under *Bivens* is available to Plaintiff for these . . . claims." *Id.*

## II.      Claims Against Warden Young

Turning first to Warden Young, Plaintiff's claims are vague and conclusory and fail to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  While a plaintiff need not plead facts so long as the complaint meets the notice pleading requirements of Rule 8, *see Alston v. Parker,* 363 F.3d 229, 233–34 and n. 6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability. *See Spruill v. Gillis,* 372 F.3d 218, 236 n. 12 (3d Cir. 2004) (clarifying *Alston*); *see also In re Tower Air, Inc.,* 416 F.3d 229, 236–38 (3d Cir. 2005) (finding that a plaintiff should plead "basic facts," for those are necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests).

Here, the proposed pleading fails to suggest or give notice as to how Plaintiff "is entitled to relief," or for that matter, contain any "demand for . . . relief." Fed. R. Civ. P. 8.  Plaintiff criticizes Warden Young's leadership and proficiency "in all areas," contending that the Warden's leadership lead to the death of an unspecified inmate and a failure to properly maintain a certain computer and phone in the prison generally but fails to suggest how such conduct affected Plaintiff or violated Plaintiff's constitutional rights. (ECF No. 7, at 4).

Plaintiff also alleges that the Warden's incompetence allowed his employees to write false incident reports and place prisoners "under investigation without due process." (*Id*.).  Even if the Court construed the pleading to suggest that one of those false reports lead to Plaintiff's "wrongful imprisonment" in solitary confinement (*Id*.  at 2–3), Plaintiff fails to provide any information as to which incident or investigation affected him, when it occurred, how it violated his rights, how it was false or wrongful, who was involved, or even if Warden Young was aware of the investigation. (*Id*. (alleging that the Warden allowed his employees to "run rampant," which implies a lack of control or supervision)).

Next, Plaintiff contends that Warden Young is "discriminating against [the] heterosexual . . . male population" in that they do not have the same privileges as the "gay, queer, fagots, and transgender" inmates. (ECF No. 7, at 4). To the extent that Plaintiff seeks to assert an equal protection claim under the Fourteenth Amendment, a plaintiff must show that the government acted with discriminatory purpose that resulted in a discriminatory effect. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002). To prove a discriminatory effect, a plaintiff must demonstrate: (1) that he is a member of a protected class; and (2) that the government treated similarly situated individuals outside of that class differently. *Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2005). To prove a discriminatory purpose, a plaintiff must show that the decisionmaker selected or reaffirmed a course of action "because of . . . its adverse effects upon an identifiable group." *Laguda v. City of Rahway*, 2016 WL 1029789 at *3 (D.N.J. 2016) (citing *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979)).

Plaintiff implies that he is part of a protected class consisting of *heterosexual* males. (ECF No. 7, at 4). The Supreme Court has not, however, recognized sexual orientation as a suspect class, and historically, federal courts across the country have declined to assign protected class status to groups based on sexual orientation. *See e.g.*, *Price–Cornelison v. Brooks*, 524 F.3d 1103, 1113 n. 9 (10th Cir. 2008) (collecting cases); *Cortez v. Main*, No. 12-5659, 2013 WL 1815422, at *5 (D.N.J. Apr. 29, 2013) ("sexual orientation is not a suspect classification"). In recent years, some courts have assigned quasi-suspect class status to *homosexual* individuals, but the Court finds no case law arriving at that conclusion for heterosexual individuals. *See e.g.*, *Windsor v. United States*, 699 F.3d 169, 185 (2d Cir. 2012), *aff'd*, 570 U.S. 744(2013); *Whitewood v. Wolf*, 992 F. Supp. 2d 410, 430 (M.D. Pa. 2014).

In any event, the Court need not reach the issue of whether heterosexual males constitute a protected or suspect class because Plaintiff fails to suggest how Warden Young treated the non-heterosexual individuals any differently or suggest which of their privileges he would like to receive. (ECF No. 7, at 4). Accordingly, the Court will dismiss without prejudice, Plaintiff's individual claims against Warden Young for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

Additionally, to the extent that Plaintiff is attempting to bring such claims on behalf of other inmates at FCI Fairton, a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates. *See Alexander v. New Jersey State Parole Bd*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Accordingly, the Court will dismiss the claims against Warden Young, insofar as Plaintiff, *pro se*, seeks relief on behalf of inmates other than himself.

### III. Claims Against Catherine Cordero

Next, Plaintiff seeks to add a sexual harassment claim against Defendant Cordero. Plaintiff alleges that on March 23, 2018, Defendant Cordero came to see him in the showers so that he could sign some legal papers. (ECF No. 7, at 5). Plaintiff contends that he refused to sign the documents and "so she tried to bribe [him] with sexual favors, so [he] would drop the lawsuit" against Defendant Cordero. (*Id*.). Plaintiff also alleges, without any specification as how or why, that Defendant Cordero threatened[1] Plaintiff's life and threatened to subject him to a prolonged stay in solitary confinement. (*Id*.).

---

[1] To the extent that Plaintiff may be seeking to state a claim based solely based on verbal harassment, the Court would reject such a claim. "[M]ere verbal harassment does not give rise to a constitutional violation." *E.g., Belt*, 2018 WL 4404707, at *5 (collecting cases).

Recently, the "Third Circuit, joining several other circuits, . . . held that sexual abuse of prisoners by prison officials can violate the Eighth Amendment." *Bey v. New Jersey Department of Corrections*, No. 18-3693, 2018 WL 5784999, at *4–5 (D.N.J. Nov. 5, 2018) (citing *Ricks v. Shover*, 891 F.3d 468 (3d Cir. 2018)). To state a claim for a violation of the Eighth Amendment, a plaintiff must satisfy certain objective and subjective elements. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The objective inquiry in this context asks whether the alleged abuse or harassment caused sufficiently serious "pain," and the subjective component asks whether the official acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Manon v. Garrison*, No. 12-0844, 2012 WL 3542328, at *2 (M.D. Pa. Aug. 15, 2012) (quoting *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)).

Courts have held, however, that sexual harassment in the absence of contact or touching does not establish a sufficiently serious infliction of pain. *See, e.g., Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006) (finding that solicitation of prisoner's masturbation, even under the threat of retaliation, does not violate the Eighth Amendment); *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) (finding that mere verbal sexual harassment without accompanying physical contact is not enough to state an Eighth Amendment violation); *Barney v. Pulsipher,* 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998) (concluding that severe verbal sexual harassment and intimidation are not sufficient to state a claim under the Eighth Amendment and are only actionable "in combination" with assaults); *Chambliss v. Jones*, No. 3:14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015); *Manon*, 2012 WL 3542328, at *2.

Here, the proposed amended complaint fails to state a claim for sexual harassment because it fails to allege any direct physical contact between Defendant Cordero and the Plaintiff. Plaintiff's conclusory allegations of threats and of offers for a *quid pro qou* for "sexual favors,"

do not, without more, meet the objective prong of an Eighth Amendment sexual harassment claim. *Accord Ricks*, 891 F.3d at 477 (noting that "objectively serious sexual contact would include sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid discipline"). Accordingly, the Court will dismiss without prejudice, Plaintiff's sexual harassment claim against Defendant Cordero for failure to state a claim.

Taken together, the Court will dismiss Plaintiff's proposed amended complaint without prejudice. Plaintiff shall have thirty days to submit a second amended complaint addressing the deficiencies discussed above and in the Court's September 4, 2018, Opinion. If Plaintiff is unable to allege facts sufficient to state a claim, the Court may conclude that permitting further amendment would be futile and dismiss the complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after district court gave *pro se* plaintiff several opportunities to comply with Rule 8). Any proposed second amended complaint shall be subject to screening.

An appropriate order follows.


Dated: December   5   , 2018                     s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  U.S. District Judge